The UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| The Estate of Zerihun Wolde, individually and as assignee and Lacks Beach Service, individually and as assignor,<br><br>Plaintiffs,<br><br>versus.<br><br>Arch Specialty Insurance Company; Arch Insurance Company; Arch Insurance Group, Inc. and Brian McMahon, individually,<br><br>Defendants. | C.A. NO.: 4:23-cv-03710-JD<br><br>**DEFENDANTS' RESPOSNE TO THE PLAINTIFFS' MEMORANDIM DATED SEPTEMBER 24, 2024** |

The Defendants submit their response to the Plaintiffs' memorandum dated September 24, 2024, addressing "whether the claims or remedies are presently justiciable under Article III of the U.S. Constitution, and if so, whether the stay should [be] lifted before the appeal is resolved." [ECF 51].

The Plaintiffs argue that this Court should lift the stay because certain claims are not dependent on the pending appeal in the Underlying Lawsuit. [E.g., ECF 52, pp. 1-2]. The Plaintiffs' memorandum misses the mark. The Defendants acknowledge that the Plaintiffs allege damages beyond the excess verdict. The merits of those allegations and whether such claims can be sustained absent an excess verdict are not presently before the Court.[1]

Indeed, this Court has asked the parties to specifically address whether the stay should be lifted and this case should proceed notwithstanding the pending appeal "[g]iven that the judgment

---

[1] But see Reeves v. S.C. Mun. Ins. & Risk Fin. Fund, 434 S.C. 18, 35, 862 S.E.2d 248, 257 (2021) (an insurer may not incur bad faith liability by simply taking a case to a jury).

against one of those parties is in issue in the appeal . . . and such judgment is the basis for several claims or remedies in this action." The Defendants submit that the Court should not lift the stay while the appeal in the Underlying Action remains pending, but, in the alternative, the Court could certify the question to the South Carolina Supreme Court for clarification.

"A case is 'fit' for judicial determination 'when the issues are purely legal and when an action is *final and not dependent on future uncertainties*.'" [ECF 52, p. 3 (citing Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006) (emphasis added)]. "[A] claim for bad-faith refusal to settle has not accrued if an appeal of the underlying judgment remains pending." Miller v. MagMutual Ins. Co., 2024 WL 3106214, at *4 (D.S.C. June 24, 2024). In most contexts, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course." See Am. S. Ins. Co. v. Moras Roofing, LLC, 2010 WL 2710588, at *2 (D.S.C. July 7, 2010) (citing Wilton v. Seven Falls Co., 515 U.S. 277 (1995)); see also Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967).

Significantly, a stay is preferrable to avoid inconsistent rulings or where the outcome of another proceeding may impact or be dispositive of issues pending in the instant case before the court. Nallapati v. Justh Holdings, LLC, 2023 WL 2436008, at *9 (E.D.N.C. Mar. 9, 2023). Although the Plaintiffs argue that the outcome of the appeal in the Underlying Action is a foregone conclusion, no judgment is final until the conclusion of the appellate process and only the South Carolina Court of Appeals has the authority to determine the merits of the appeal. Until such time as that decision is rendered, there can be no final judgment in the Underlying Action.

Moreover, the Plaintiffs' main argument against a stay is the overreaching argumentthat no ruling from the Court of Appeals could change this case. The Plaintiffs argue that "even the granting of a new trial will not change the fact that LBS suffered substantial damages." However,

if the appeal results in a new trial, the verdict currently appealed is irrelevant, and, so is the basis for a vast majority damages for which LBS could claim in this case if not LBS' damages in their entirety. [ECF 52, pp. 10-11]. The fact that the Court of Appeals may impact the case at all is the very basis for why a stay must remain in place. In Miller, Judge Austen recognized the perils of permitting such cases to proceed pending an appeal of the judgment. Miller, 2024 WL 3106214, at *3 n. 2 ("The majority rule . . . advances several important policy objectives.") (internal citation omitted). Among these policy objectives are reducing the possibility of a conflict of interest between the insurer and insured as well as preventing the insured from incurring litigation costs "that may turn out to be unnecessary . . ." Id. Both concerns are on full display in this case and should serve as exemplary reasons for maintaining the stay.

It must also be noted that even the minority rule recognized in Miller does not allow for a bad faith case to proceed before a judgment is final. "[A] minority of jurisdictions have extended the time for accrual of a bad-faith failure-to-settle claim even further and held that a claim accrues only when the insured actually pays the excess judgment." Id., at p. 3. Thus, even if this Court were to go against a majority of the jurisdictions that have addressed this issue, there does not appear to be *any* authority supporting a ruling that allows the Plaintiffs to proceed with their claims while the Underlying Lawsuit remains on appeal. Thus, this Court should reject the Plaintiffs' arguments that even a ruling affecting the amount of damages does not affect the ripeness of their claims. [ECF 52, p. 10.]

The Defendants are cognizant of the Plaintiffs' intention to maintain this litigation even if the verdict in the Underlying Action is reversed. Regardless, there is no need to proceed with resolving one aspect of the case especially where proceeding will almost certainly force a determination on the discovery motions implicating privilege filed by the parties. The implications

of resolving the issues raised by these discovery motions are precisely what gave rise to the Court's instant request and which the Court has aptly noted "would limit the parties' privileges and protections and would do so unnecessarily" if addressed at this juncture. [ECF 51]. It is in the interest of judicial economy and logic that the entire case proceed together or not at all. Accordingly, the Defendants submit that a stay is proper to provide the Plaintiffs a day in court for any claims that may be justiciable but also to protect the interests of all parties in light of the Underlying Action.

In the alternative, this Court could seek clarification from the South Carolina Supreme Court via certification. Certification is appropriate if there are "unsettled question[] of state law". Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 79 (1997). To certify a question of law, the Fourth Circuit has noted that "[o]nly if the available state law is clearly insufficient should the court certify the issue to the state court." Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994). Miller acknowledged that there is no decision of a South Carolina court addressing this issue and thus recites the rules of other jurisdictions. The Miller court observed only what a South Carolina court *might* conclude and certification would provide the Court with more definite guidance upon the issue.

Lastly, the Plaintiffs propose a scheduling order that postpones trial of this case until after the South Carolina Court of Appeals has issued its ruling in the Underlying Action. They propose this order, however, only on the condition that the Defendants agree to pay the excess judgment plus other damages. Putting aside the issue of whether this is a request of the Court or a proposal to the Defendants, it is a notion that the Court should disregard as quickly as the Defendants have. The Court has inherent authority to control its docket and may accomplish judicial economy through a stay – not a bought-and-paid-for scheduling order.

## **Conclusion**

The Plaintiffs' memorandum asks the Court to ignore the very issue that the Court asked the parties to address.  The pendency of the Underlying Lawsuit is not merely a footnote to the issue at hand.  It is the issue, and this Court should stay the instant case until the issue is resolved.

Respectfully submitted;

Dated this 8th day of October, 2024.    WALL TEMPLETON & HALDRUP, P.A.

s/Ford H. Thrift
Morgan S. Templeton (Fed ID #7187)
Thomas B. Boger (Fed ID #11132)
Ford H. Thrift (Fed ID #12881)
145 King Street, Suite. 300
Post Office Box 1200
Charleston, South Carolina 29402
Telephone: 843-329-9500
**Attorneys for Defendants**